UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASMIR ANTONIO CENTENO LOPEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-05145-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY |

## I. BACKGROUND

On September 4, 2026, Yasmir Antonio Centeno Lopez ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 7.)

The Petition argues that: (1) Petitioner's detention violates his substantive due process rights because he is not a flight risk or danger to the community (Pet. at 33-34); (2) Petitioner's detention violates his procedural due process rights

because he was entitled to a pre-detention hearing to determine whether he was a flight risk or danger to the community (id. at 34-36); (3) Petitioner's warrantless arrest by ICE violated the Fourth Amendment (id. at 36-37); (4) Respondents' "quota-driven policy of re-arresting previously paroled asylum seekers with no changed circumstances is in excess of statutory authority in violation of the Administrative Procedure Act" (id. at 37-39); (5) Petitioner's arrest by ICE violated the Immigration and Nationality Act and its implementing regulations because there was no material change in circumstances from when DHS previously released him in 2022 (id. at 39-40); (6) Petitioner's warrantless arrest by ICE "violated [his] rights under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii)," which "prohibit[] warrantless arrests without reason to believe an individual is a flight risk" (id. at 40-41). The Petition seeks immediate release from custody and prospective injunctive relief. (Id. at 41-45.)

On September 9, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part:

> **Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.** … Based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer. As a result, the Court will assume that the government's failure to file a timely notice of appearance and/or an answer was not inadvertent, and the Court will not sua sponte extend those deadlines.

(Dkt. 6 at 1-2.)

Respondents' response to the Petition was due by September 15, 2026. (Dkt. 5.) As of the date of this order, no response has been filed.

## II. CONCLUSION

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. The Petition is **granted**.
2. Respondents shall **immediately release** Yasmir Antonio Centeno Lopez (A# 246-387-367) from custody.
3. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.
4. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.
5. Respondents shall return to Petitioner all items and documents confiscated from him at or around the time of his detention.[1]

DATED: September 17, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).